UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAVELL HAMMOND, individually on behalf of her minor children, M.W. and G.W.; and CAROLYN HAMMOND** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER** |
| | **SECTION** |
| **U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, and VARIOUS UNKNOWN NAMED AGENTS OF THE U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES** | **JUDGE** |
| | **JURY TRIAL REQUESTED** |

# PLAINTIFF'S ORIGINAL COMPLAINT

## I.  JURISDICTION AND VENUE

1. Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1346(b), 2671-80.

2. The court has federal question jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331, 1343(a)(3). Plaintiffs' state law claims are related to these federal claims and form a part of the same case or controversy. The court accordingly has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this court because the causes of action occurred within the Eastern District of Louisiana.

## II.  PARTIES

a. PLAINTIFFS

4. Plaintiff, LAVELL HAMMOND, a person of the full age of majority, and a resident of Chalmette, Louisiana.

5. Plaintiff, LAVELL HAMMOND on behalf of her minor child M.W., a resident of Chalmette, Louisiana.

1

6. Plaintiff, LAVELLE HAMMOND on behalf of her minor child G.W., a resident of Chalmette, Louisiana.

7. Plaintiff, CAROLYN HAMMOND, a person of the full age of majority, and a resident of Chalmette, Louisiana.

b. <u>DEFENDANTS</u>

8. Defendant, U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS & EXPLOSIVES, is a U.S. governmental agency capable of suing and being sued.

9. PLAINTIFFS also pursues this action against various unknown agents of the U.S. Bureau of Alcohol, Tobacco, Firearms & Explosives, who at all relevant times and along with the above named officers, are jointly and severally liable and will be 'named at a later time once their identities are uncovered during the course of discovery.

III. <u>STATEMENT OF FACTS</u>

10. On or about March 29, 2021, at approximately 6:00 a.m., agents with the U.S. Bureau of Alcohol, Tobacco, Firearms & Explosives (hereinafter referred to as "ATF") covered Plaintiff's security camera doorbell with tape and rammed through the front door with guns and tactical gear. The ATF agents forced all Plaintiffs, who are women and minor children on the ground face first with guns pointing directly at each Plaintiff, screaming profanity and other obscenities.

11. The Plaintiffs were startled, crying and afraid; trying to ascertain why the ATF agents were ransacking their home.

12. The ATF agents were looking for a person named Malik Fernandez.

13. No person by that name lived at the Plaintiffs' home.

2

14. The ATF agents eventually left Plaintiffs' home riddled with bullet casings, damaged furniture, walls and video surveillance equipment.

15. Plaintiff, Lavell Hammond met with Special Agent Raymond C. Connor, Jr. at the ATF field office in Metairie, Louisiana to discuss the matter to no avail.

16. Plaintiffs filed a Federal Torts Claim with the ATF and were given permission to file a lawsuit no later than six months from the mailing of September 21, 2022, correspondence from ATF's litigation division.

IV. **CLAIMS FOR RELIEF**

17. Plaintiffs hereby incorporates by reference each of the allegations set forth in the preceding paragraphs as if realleged fully herein.

18. As a direct and proximate result of the various ATF agents' misconduct, Plaintiffs suffered damages, including bodily injury, pain, suffering, severe mental and emotional distress, anguish, humiliation, loss of liberty, and loss of income, as set forth more fully above.

V. **SUPPLEMENTAL STATE LAW CLAIM FOR ASSAULT AND BATTERY RESULTING IN INJURY TO ALL PLAINTIFFS, DEFENDANTS ATF AND VARIOUS UNKNOWN ATF AGENTS**

19. Plaintiff incorporates by reference paragraphs 1 through 18 as if fully set forth herein.

20. The ATF agents intended to inflict a harmful or offensive contact upon Plaintiffs in the process of leaving the Plaintiffs face down on the floor with guns pointed at their heads. Thus, the ATF agents committed the intentional torts of assault and battery.

21. The ATF agents were acting in the course and scope of their employment at all times relevant to this claim.

22. As a direct and proximate result of the ATF along with various ATF agent's

misconduct, Plaintiffs suffered damages, including bodily injury, pain, suffering, severe mental and emotional distress, anguish, humiliation, loss of liberty, and loss of income, as set forth more fully above.

23.  Defendant ATF, is liable for the intentional torts described in paragraph 10 under the doctrine of *respondeat superior* because they maintained the employ and was responsible for the supervision of the ATF agents. Pursuant to Louisiana Civil Code art. 2320, "employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."

24.  At all times pertinent herein, these Defendants, individually and collectively, acted intentionally, maliciously, recklessly, and/or negligently towards Plaintiffs.

VI. **SUPPLEMENTAL STATE LAW CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS RESULTING IN INJURY TO PLAINTIFFS, DEFENDANTS ATF AND VARIOUS UNKNOWN ATF AGENTS**

25.  Plaintiff incorporates by reference paragraphs 1 through 24 as if fully set forth herein.

26.  The unknown ATF agents' actions in conducting a the search and seizure of Plaintiffs residence was extreme and outrageous conduct that caused Plaintiffs severe emotional distress. The various unknown ATF agents knew or should have known that such distress would be the outcome of their actions and therefore are liable for the intentional infliction of emotional distress.

27.  The unknown ATF agents were acting in the course and scope of their employment at all times relevant to this claim.

28.  As a direct and proximate result of the Defendant Michelle Ruffin's misconduct, Plaintiff suffered damages, including bodily injury, pain, suffering, severe mental and emotional distress, anguish, humiliation, loss of liberty, and loss of income, as set forth more fully above.

29. Defendant ATF, is liable for the intentional torts described in the paragraphs above under the doctrine of *respondeat superior* because he maintained the employ and was responsible for the supervision of Defendants various ATF agents. Pursuant to Louisiana Civil Code art. 2320, "employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."

30. At all times pertinent herein, these Defendants, individually and collectively, acted intentionally, maliciously, recklessly, and/or negligently towards Plaintiffs.

## VII. PUNITIVE DAMAGES

31. Additionally and in the alternative, the conduct of Defendants was done with malice. As such, Plaintiffs requests punitive and exemplary damages to deter this type of conduct in the future.

32. In the alternative, such heedless and reckless disregard of Plaintiffs' rights, safety and welfare are more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiffs requests punitive and exemplary damages are awarded against Defendants in a sum which is within the jurisdictional limits of this court.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Lavell Hammond, individually and on behalf of her minor children M.W. and G.W.; and Carolyn Hammond pray that after due proceedings, there be judgment in their behalf and against all defendants, jointly, severally and in solido, as follows:

   a. Compensatory and punitive damages on behalf of plaintiffs;
   b. That plaintiffs be awarded reasonable attorney fees and all costs of these proceedings;

c. That this matter be tried by jury; and

d. All other relief that this Court deems just and proper.

Respectfully submitted,

/s/ Raynique T. Keelen
Raynique T. Keelen, NO. LA31216
John T. Fuller, IV., NO. LA27341
FULLER KEELEN LAW FIRM, LLC
201 ST. CHARLES AVENUE
SUITE 2500
NEW ORLEANS, LA  70170
TELEPHONE:  (504) 754-6854
FACSIMILE:  (888)796-9613
E-MAIL:  raynique@fullerkeelenlawfirm.com

Attorneys for Plaintiff Lavell Hammond individually and on behalf of her minor children G.W. and M.W.; and Carolyn Hammond