## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAVELL HAMMOND, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-986** |
| **UNITED STATES OF AMERICA** | **SECTION "O"** |

### ORDER

Before the Court in this Federal Tort Claims Act (FTCA) case are three unopposed motions filed by Defendant the United States of America: (1) a motion[1] to limit the *ad damnum* and to dismiss the punitive-damages claims of Plaintiffs Lavell Hammond, individually and on behalf of her minor children, M.W. and G.W., and Carolyn Hammond, noticed[2] for submission on May 1, 2024; (2) a motion[3] to dismiss Plaintiffs' claims for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), noticed[4] for submission on May 15, 2024; and (3) a motion[5] to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or, alternatively, for summary judgment, noticed[6] for submission on May 29, 2024.

---

[1] ECF No. 28.
[2] ECF No. 28-5.
[3] ECF No. 33.
[4] ECF No. 33-5.
[5] ECF No. 34.
[6] ECF No. 34-6.

On May 31, 2024, after Plaintiffs failed to timely respond to any of these motions under Local Civil Rule 7.5,[7] the Court ordered Plaintiffs—to the extent they opposed any of the motions—to file by June 3, 2024 a motion seeking the Court's leave to file untimely responses, accompanied by proposed responses to each motion.[8] The Court specifically informed Plaintiffs that "[i]f Plaintiffs fail to timely file a motion for leave accompanied by proposed responses to each opposed motion, the Court will consider the motions unopposed and proceed to issue rulings on each of them."[9]

Plaintiffs nonetheless failed to file a motion for leave accompanied by proposed responses in accordance with the Court's order. So, the Court deems the motions unopposed. Considering those unopposed motions, the Court concludes that it need not resolve the unopposed motion[10] to limit the *ad damnum* and to dismiss the punitive-damages claims or the unopposed motion[11] to dismiss for failure to state a claim, or, alternatively, for summary judgment, because the United States' unopposed Rule 12(b)(1) motion[12] has merit and reveals that the Court lacks subject-matter jurisdiction. That unopposed Rule 12(b)(1) motion confirms that the discretionary-function exception to the FTCA's limited waiver of the United States' sovereign immunity applies and deprives the Court of subject-matter jurisdiction.

---

[7] Under Local Civil Rule 7.5, Plaintiffs' response to Defendant's motion to limit the *ad damnum* and dismiss punitive-damages claims was due on April 23, 2024; it is now 42 days late. Plaintiffs' response to Defendant's motion to dismiss for lack of subject-matter jurisdiction was due on May 7, 2024; it is now 28 days late. Plaintiffs' response to Defendant's motion to dismiss for failure to state a claim, or, alternatively, for summary judgment was due on May 21, 2024; it is now 14 days late.

[8] ECF No. 38 at 2.

[9] *Id.*

[10] ECF No. 28.

[11] ECF No. 34.

[12] ECF No. 33.

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *United States ex rel Johnson v. Raytheon Co.*, 93 F.4th 776, 783 (5th Cir. 2024) (internal citation and quotation marks omitted). "Courts consider whether the FTCA applies via a Rule 12(b)(1) motion, because whether the government has waived its sovereign immunity goes to the court's subject[-]matter jurisdiction." *Campos v. United States*, 888 F.3d 724, 731 (5th Cir. 2018) (internal citation and quotation marks omitted). "The FTCA waives sovereign immunity and permits suit against the United States for monetary claims sounding in state tort law that allege negligent or wrongful acts committed by government employees." *Dickson v. United States*, 11 F.4th 308, 312 (5th Cir. 2021) (internal citations omitted). But the FTCA's limited waiver is "subject to various exceptions which preserve the United States' sovereign immunity." *Id.* (internal citation omitted). "If an exception applies, a plaintiff's FTCA claim is barred, and a federal court is without subject[-]matter jurisdiction over the claim." *Campos*, 888 F.3d at 730 (internal citation omitted).

The discretionary-function exception "withdraws the FTCA's waiver of sovereign immunity in situations in which, although a government employee's actions may have been actionable under state tort law, those actions were required by, or were within the discretion committed to, that employee under federal statute, regulation, or policy." *Dickson*, 11 F.4th at  (internal citation and quotation omitted). Courts "use a two-part test to determine whether government officials' actions fall within the discretionary[-]function exception." *Campos*, 888 F.3d at 731 (internal citation omitted). "First, the relevant employees' conduct must be a matter of choice."

3

*Id.* (internal citation and quotation omitted). "Second, the choice or judgment must be of the kind that the discretionary[-]function exception was designed to shield." *Id.* (internal citation and quotation omitted). "The plaintiff has the burden of establishing that the test is not satisfied." *Id.* at 731 (internal citation omitted).

Plaintiffs failed to carry their Rule 12(b)(1) burden to show that the Court has subject-matter jurisdiction. Plaintiffs failed to respond to the United States' invocation of the discretionary-function exemption to the FTCA's limited waiver of sovereign immunity, and thus Plaintiffs necessarily failed to carry their "burden of establishing" that the two-part test for application of the discretionary-function exception "is not satisfied." *Id.* (internal citation omitted). Accordingly, because Plaintiffs failed to carry their burden to show that the discretionary-function exception to the FTCA's limited waiver of sovereign immunity does not apply, Plaintiffs failed to carry their Rule 12(b)(1) burden to establish the Court's subject-matter jurisdiction. And because the Court lacks subject-matter jurisdiction, the Court must dismiss this action without prejudice. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly,

**IT IS ORDERED** that the unopposed motion[13] of Defendant the United States of America to dismiss this action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. A final judgment will follow in accordance with Federal Rule of Civil Procedure 58.

New Orleans, Louisiana, this 4th day of June, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[13] ECF No. 33.